52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Rebecca MERCER, Plaintiff-Appellant,
v.
LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT; Steve Catt,
Detective, Defendants-Appellees.
 No. 94-6645.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1995.
 
 1
 Before: BOGGS, SILER and GIBSON,* Circuit Judges.
 
 ORDER
 
 2
 Rebecca Mercer, proceeding pro se, appeals a district court judgment dismissing her lawsuit brought pursuant to 42 U.S.C. Sec. 1983 and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1962, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive relief, Mercer sued the Lexington Fayette (Kentucky) Urban County Government and Lexington Fayette County Police Detective Steve Catt. Mercer alleged that defendant Catt altered an $18,000 check which had a stop payment on it in order to obtain a criminal complaint against Mercer. She sought the prosecution of defendant Catt for fraud, a determination that he instituted a malicious prosecution against her, and an investigation into the matter.
 
 
 4
 A magistrate judge recommended that the case be dismissed pursuant to 28 U.S.C. Sec. 1915(d). Upon de novo review in light of Mercer's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case. On appeal, Mercer's brief is construed as arguing those claims which she raised in the district court. Mercer also argues that the district court failed to name all the defendants in its order.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Mercer's lawsuit pursuant to 28 U.S.C. Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed as frivolous under Sec. 1915(d) only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Initially, we note that Steve Catt and Lexington Fayette Urban County Government were the only two defendants specifically named in Mercer's complaint.
 
 
 6
 The facts set forth in Mercer's complaint fall short of what is required in order to state a valid RICO claim against the defendants. See 18 U.S.C. Sec. 1962(a)-(d); see also Palmer v. Nationwide Mut. Ins. Co., 945 F.2d 1371, 1374-75 (6th Cir.1991).
 
 
 7
 The district court properly dismissed Mercer's Sec. 1983 action against defendant Catt and the county government as time-barred because Mercer did not file her lawsuit within one year after her cause of action accrued. See Ky.Rev.Stat. Sec. 413.140(1)(a); see also Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990).
 
 
 8
 To the extent that Mercer requests the court to initiate a criminal action against the defendants, authority to initiate a criminal complaint rests exclusively with state and federal prosecutors. Sahagian v. Dickey, 646 F.Supp. 1502, 1506 (W.D.Wis.1986). Mercer's attempt to hold the Lexington Fayette Urban County Government responsible for acts allegedly committed by Catt fails because Mercer has not alleged that some policy, custom or practice is attributable to the city government that could have caused her alleged injury. See Collins v. City of Harker Heights, Tex., 112 S.Ct. 1061, 1067-68 (1992). Furthermore, a governmental entity cannot be held liable based on the theory of respondeat superior. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691-95 (1978).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation